IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18CV287

| | | | |
|---|---|---|---|
| XAVIER ANDERSON, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | | ORDER |
| | ) | | |
| AMERICAN AIRLINES, INC., | ) | | |
| | ) | | |
| Defendant. | ) | | |
| | ) | | |

This matter is before the Court upon the Defendant's Motion to Dismiss. As Plaintiff is appearing *pro se*, the Court entered a *Roseboro* notice on August 3, 2018. After requesting and receiving an extension of time, the Plaintiff filed his response to Defendant's motion. Defendant has not filed a Reply and the time for doing so has expired. Accordingly, this matter is now ripe for disposition.

Plaintiff Xavier Anderson ("Anderson") has brought this action against American Airlines purporting to allege race and age discrimination claims. American Airlines employed Anderson at the Charlotte Douglas International Airport until the Company terminated his employment on February 1, 2018. (Compl. at 1-2.) Anderson filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on February 21, 2018, in which he alleged that American Airlines discriminated against him on the basis of his race and retaliated against him for engaging in protected activity.[1] Anderson did not make any allegations of age discrimination in his Charge.

---

[1] Defendant has attached the Charge to its Motion. Although Plaintiff did not attach the Charge to his Complaint, the Court may consider it when adjudicating Defendant's Motion to Dismiss without converting the motion to one for summary judgment. *See Kotsias v. CMC II, LLC*, No. 1:15CV242, 2016 WL 7435626, at *2 n.1 (W.D.N.C. Sept. 29, 2016).

1

Anderson received a Notice of Right to Sue from the EEOC on March 1, 2018, and filed this lawsuit 91 days later on May 31, 2018. (*See* Compl. at 1, 3, 6.) Anderson alleges in the lawsuit that American Airlines discriminated against him on the basis of his race and age. (See *Id.* at 3.)

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 679 (citations omitted).

A motion to dismiss for failure to exhaust administrative remedies should be treated as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300-01 (4th Cir. 2009) (a plaintiff's failure to exhaust administrative remedies for a Title VII or ADEA claim "deprives the federal courts of subject matter jurisdiction over the claim"). On a Rule 12(b)(1) motion, the plaintiff bears the burden of proving that the Court has subject matter jurisdiction over the claims presented. *See Piney Run Preservation Ass'n v. Cnty. Comm'rs*, 523 F.3d 453, 459 (4th Cir. 2008). A plaintiff alleging

race or age discrimination in violation of Title VII or the ADEA, respectively, must first timely file an administrative charge with the EEOC. *See*, *e.g.*, *Underdue v. Wells Fargo Bank, N.A.*, No. 3:14-CV-183-RJC, 2016 WL 3452492, at *2 (W.D.N.C. June 20, 2016), *aff'd as modified*, 684 F. App'x 346 (4th Cir. 2017). Once the EEOC issues a "Right to Sue" notice, the plaintiff must initiate a civil action within 90 days after he receives the notice. *See* 42 U.S.C. § 2000e–5(f)(1); 29 U.S.C. § 626(e); *Underdue*, 2016 WL 3452492, at *2. "A claimant who fails to file a complaint within the ninety-day statutory time period generally forfeits his right to pursue his claim." *Robinson v. N. Carolina Employment Sec. Comm'n*, No. 3:09-CR-00088-W, 2009 WL 3526495, at *4 (W.D.N.C. Oct. 23, 2009) (citing *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-51 (1984)).

Anderson specifically pled that he received his Notice of Right to Sue on March 1, 2018, but did not file his lawsuit until 91 days later on May 31, 2018.[2] Accordingly, Anderson's Complaint was untimely and must be dismissed. *See*, *e.g.*, *Harvey v. New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (Title VII action filed 91 days after the claimant's wife received Right to Sue notice was untimely); *Douglas v. U.S. Airways Group, Inc.*, No. 3:10-CV-42, 2011 WL 1769747, at *5 (W.D.N.C. May 9, 2011) (Title VII action untimely where complaint was filed one day late).

Even if Anderson's Complaint had been timely, his age discrimination claim would still be subject to dismissal for failure to exhaust his administrative remedies. Before filing suit under the ADEA, a plaintiff must first exhaust his administrative remedies by bringing a timely charge

---

[2] Where, as here, a plaintiff specifically pleads the date he received the right-to-sue notice, the court should accept those allegations as true for purposes of a motion to dismiss. *See Severino-Todd v. Wal-Mart, Inc*., No. 5:11- CV-336-BR, 2011 WL 6370483, at *2 n.2 (E.D.N.C. Dec. 20, 2011), *aff'd*, 470 F. App'x 139 (4th Cir. 2012) ("Here, plaintiff has specifically pled that she received the right-to-sue letter on 22 March 2011. Therefore, for the purposes of the motion to dismiss, the court must . . . assume that the actual date of receipt was 22 March 2011." (citations omitted)).

of discrimination with the EEOC. *See Jones,* 551 F.3d at 300; *Underdue*, 2016 WL 3452492, at

*2. The allegations contained in the charge of discrimination determine and limit the scope of

any subsequent judicial complaint. *See Underdue*, 2016 WL 3452492, at *2. "Only those

discrimination claims stated in the initial charge, those reasonably related to the original

complaint, and those developed by reasonable investigation of the original complaint may be

maintained in a subsequent . . . lawsuit." *Jones*, 551 F.3d at 300.

Anderson not only failed to check the box for "age" discrimination in his EEOC Charge,

but also failed to present any facts in the narrative of his Charge that mention or remotely relate

to allegations of age discrimination. Rather, Anderson limited his Charge to allegations of race

discrimination and retaliation, and thereby failed to exhaust his administrative remedies with

regard to his age discrimination claim. *See Herbert v. Horizon Coach Lines*, No. 3:15-CV-6-

GCM, 2015 WL 3649091, at *3 (W.D.N.C. June 11, 2015) (plaintiff failed to exhaust his

administrative remedies for race and age discrimination claims where charge contained only

allegations of sex discrimination); *Wright v. StoneMor Partners LLP*, No. 3:12-CV-380, 2012

WL 4006120, at *3 (W.D.N.C. Sept. 12, 2012) (plaintiff failed to exhaust administrative

remedies for ADEA claims where charge contained only allegations of race discrimination and

retaliation).

Plaintiff's Response does not address the Defendant's arguments that his claims are

untimely, but rather appears to argue the merits of claims. For the foregoing reasons,

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby GRANTED, and Plaintiff's Complaint is dismissed with prejudice.

Signed: September 5, 2018

Graham C. Mullen
United States District Judge